IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

BROADCAST MUSIC, INC., et al., )
)
        **Plaintiffs,** )
v. )   Case No. CIV-10-72-SPS
)
TEN BUCK 2, LLC, d/b/a )
TENBUCK TWO NIGHTCLUB & )
LESLIE D. CALHOUN )
)
        **Defendants.** )

**OPINION AND ORDER DENYING DEFENDANTS'
MOTION FOR RELIEF FROM DEFAULT JUDGMENT**

On March 2, 2010, the Plaintiffs Broadcast Music, Inc. and affiliate copyright owners ("BMI") sued the Defendants Ten Buck 2, LLC d/b/a Tenbuck Two Nightclub and Leslie D. Calhoun for infringement under the Copyright Act, 17 U.S.C. §§101-121. The Defendants were properly served but failed to appear, so the Court rendered judgment on July 1, 2010 enjoining the Defendants from infringement of copyrights licensed by BMI and awarding statutory damages, costs and attorneys' fees in the amount of $40,550.30. On July 7, 2010, the Defendants moved to set aside default judgment pursuant to Fed R. Civ. P. 60(b)(1), arguing that their failure to answer or otherwise plead resulted from excusable neglect and that they had meritorious defenses to BMI's claims herein. For the reasons set forth below, the Plaintiff's [*sic*] Motion for Relief from Default Judgment Against All Defendants [Docket No. 35] and the Plaintiff's [*sic*] Motion for Relief from Default Judgment Against All Defendants [Docket No. 37] are hereby DENIED.

Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[.]" While "[t]he determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission[,]'" *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir., 2005), *quoting Pioneer Investment Services Co. v. Brunswick Associates Ltd Partnership*, 507 U.S. 380, 395 (1993), relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Beugler v. Burlinton Northern & Santa Fe Railway*, 490 F.3d 1224, 1229 (10th Cir. 2007) [internal quotations omitted], *quoting Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir. 2000). A party seeking to set aside a default judgment under Rule 60(b)(1) must prove: (i) that his culpable conduct did not cause the default; (ii) that he has a meritorious defense; and, (iii) that setting aside the default judgment will not prejudice the adverse party. *United States v. Timbers Preserve, Rott County, Colorado*, 999 F.2d 452, 454 (10th Cir. 1993). *See also Williams v. Lakin*, 2007 WL 2114649 (N.D. Okla. July 20, 2007).

The Defendants contend that their failure to answer herein amounts to excusable neglect because: (i) they timely notified their insurance carrier about the lawsuit but were denied a defense after the deadline for answering the complaint; and, (ii) they were unable to obtain counsel until June 30, 2010. Such contentions do not make out a case of excusable neglect. *See, e. g., Williams*, 2007 WL 2114649, *3 ("Courts have

generally attributed the actions of the insurer to the insured . . . [and] [m]ost courts have not set aside default judgment when an insurer's actions caused default judgment to be entered against the insured."), *citing Davis v. Safeway Stores, Inc.*, 532 F.2d 489 (5th Cir. 1976) ("The lack of communication between defendant and its insurance company for three weeks after the latter had received a copy of the complaint suggests an absence of minimal internal procedural safeguards."). *See also Mazengo v. Mzengi*, 542 F. Supp. 2d 96, 99 (D.D.C. 2008) ("The only other excuse proffered by Defendant for his willful failure to answer Ms. Mazengo's complaint is his inability, over the course of many months, to locate acceptable counsel. That 'excuse' has been rejected by multiple courts in this district alone."). *Cf. Williams v. Swanson*, 57 Fed. Appx. 784, 787-88 (10th Cir. 2003) ("While it is unfortunate that Swanson relied to his detriment on assurances made by counsel, such reliance does not, by itself, demonstrate 'excusable neglect.'"), *quoting Pioneer Investment*, 507 U.S. at 396-97; *Williams*, 2007 WL 2114649, \*4 ("Based on defendants' own admissions, they did not make any attempt to contact their insurer [after their initial contact] and took no action in this case until they learned a default judgment had been entered against them. This shows a lack of due diligence on the part of defendants to keep informed about the status of their case, even if defendants believed that their insurer was handling the case.").

Even if the Defendants *could* show their default resulted from excusable neglect, they clearly cannot demonstrate a meritorious defense to the Plaintiffs' claims. The

Defendants argue they cannot be held liable under the Copyright Act because they did not reproduce any copyrighted material, *see* 17 U.S.C. § 106(1) ("[T]he owner of a copyright under this title has the exclusive rights . . . to reproduce the copyrighted work in copies or phonorecords[.]"), but the Plaintiffs' claims are for infringement of public performance rights. *See* 17 U.S.C. § 106(4) ("[T]he owner of a copyright under this title has the exclusive rights . . . in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly[.]"). The Defendants offer no evidence (nor do they even contend) they did not infringe the Plaintiffs' public performance rights as alleged in the complaint.

The Defendant Leslie Calhoun argues that she cannot be held personally liable for any copyright infringement by Ten Buck 2, LLC d/b/a Tenbuck Two Nightclub because she acted solely in her capacity as managing agent for the company. But a corporate officer or owner can be held liable for copyright infringement vicariously if: "1) the officer has the right and ability to supervise the infringing activity, and 2) the officer has a direct financial interest in such activities*." Jobete Music Co., Inc. v. Johnson Communications, Inc.*, 285 F. Supp. 2d 1077, 1083 (S.D. Ohio 2003), *citing Famous Music Corp. v. Bay State Harness Horse Racing & Breeding Ass'n*, 554 F. 2d 1213, 1215 (1st Cir. 1977); *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963); *Nelson-Salabes, Inc. v. Morningside Development, LLC*, 284 F.3d 505, 513 (4th Cir. 2002); *RCA/Ariola International Inc. v. Thomas & Grayston Co.*,

845 F.2d 773 (8th Cir. 1988); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001). *See also Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) ("One . . . infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it[.]"), *citing Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963). Indeed, even a lack of knowledge of the underlying violations affords no defense to a corporate owner or officer. *See Jobete Music Co.*, 285 F. Supp. 2d at 1084, fn. 4, *citing All Nations Music v. Christian Family Network, Inc.*, 989 F. Supp. 863, 868 (W.D. Mich. 1997); *Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 908 (D. Conn. 1980). The Court made specific findings in its judgment that Calhoun was responsible for the operation and management of the Tenbuck Two Nightclub, had the right and ability to supervise the activities of Ten Buck 2, LLC and Tenbuck Two Nightclub, and had a direct financial interest in both. The Defendants have offered no evidence to controvert these findings nor did they otherwise challenge them in their motion. The Court finds no meritorious defense for Calhoun here.

Finally, Defendants make passing reference to the lack of quantifiable damages proven by the Plaintiffs. But a "copyright owner may . . . recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). In this regard, the court may consider such factors as "expenses saved (such as licensing fees) and profits

reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the infringing conduct, and the infringer's state of mind." *Frank Music Corp. v. Sugg*, 393 F. Supp. 2d 1145, 1147 (W.D. Okla. 2005), *citing Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 908, 914 (D. Conn. 1980). The Plaintiffs submitted evidence before judgment that license fees between October 2006 (when BMI first initiated contact with Defendants) through May 2010 would have totaled approximately $22,802.97. [Docket No. 27, Ex. 2]. The Court awarded Plaintiffs a total of $28,000 for the Defendants' copyright infringements. Such award was clearly within the parameters of 17 U.S.C. § 504(c)(1) and the discretion of the Court.

Because the Defendants have shown neither excusable neglect nor a meritorious defense, the Court need not address any lack of prejudice to the Plaintiffs. *See, e. g., Williams*, 2007 WL 2114649, *5 ("[L]ack of prejudice alone is not a sufficient reason to set aside a default judgment."), *citing Timbers Preserve*, 999 F.2d at 454; *Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp., Inc.*, 837 F.2d 423, 427 (10th Cir. 1988); *Cessna Finance Corp. V. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1445 (10th Cir. 1983). The Court thus concludes that the Defendants' motion to vacate default judgment should be denied.

In summary, the Court finds that the Defendants have failed to show excusable neglect and a meritorious defense. The Defendants are therefore not entitled to relief under Fed. R. Civ. P. 60(b)(1). Consequently, IT IS HEREBY ORDERED that the Plaintiff's [*sic*] Motion for Relief from Default Judgment Against All Defendants

[Docket No. 35] and the Plaintiff's [*sic*] Motion for Relief from Default Judgment Against All Defendants [Docket No. 37] are hereby DENIED.

DATED this 31st day of March, 2011.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma